IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BLUE FORCE TECHNOLOGIES INC., )
)
)
Plaintiff, )
)
v. ) 1:21-CV-422
)
BETA TECHNOLOGIES, INC., )
)
Defendant. )

## ORDER

Defendant Beta Technologies, Inc., moves for partial judgment on the pleadings, or in the alternative for partial summary judgment, on its breach of contract counterclaim to the extent it relates to Blue Force's withholding of intellectual property and for entry of declaratory judgment confirming Beta's rights to that property. Doc. 47. In the same motion, Beta seeks dissolution of the preliminary injunction and release of the bond Beta posted. *Id.*

Beta appears to have taken inconsistent positions in the briefing. On the one hand, Beta says it is entitled to judgment on its breach of contract claim because Blue Force breached the contract by refusing to grant Beta access to data and materials owned by Beta. But in its reply brief, Beta says that "providing the BETA property to Beta upon request is not performance under the ALIA contract." Doc. 54 at 4 (emphasis in original). If this is so, then what is the breach? If Blue Force had no contractual duty to provide the property to Beta, as Beta seems to assert in contending that its own alleged breach is irrelevant, then Blue Force's refusal to provide the property would not seem to

be a breach of contract. The Court would also appreciate a more developed discussion of the relevant case law on the question of whether Blue Force's affirmative defenses have the potential to undermine Beta's rights in the property at issue. It is not clear what impact these questions might have on whether a declaratory judgment is appropriate on the limited question of who owns the property at issue and the wording of an appropriate declaratory judgment.

Ordinarily the Court would address these kinds of questions in oral argument, but its schedule does not permit that at this time. Therefore, the Court asks the parties to meet and confer in an effort to clarify and focus the matters raised in the pending motion. Before the meet-and-confer, Beta shall share a proposed declaratory judgment with Blue Force for discussion. Each side may submit a supplemental brief no later than January 3, 2022, no longer than 1,000 words, and Beta shall submit a proposed declaratory judgment as an attachment. If the parties have not agreed on the form of the declaratory judgment, Blue Force may submit a proposed declaratory judgment on January 4, 2022.

It is **ORDERED** that:

1. The motion by defendant Beta Technologies, Inc., for partial judgment on the pleadings or, in the alternative, summary judgment on its counterclaims against plaintiff Blue Force Technologies, Inc for breach of contract and declaratory judgment, Doc. 47, remains under advisement.

2. Counsel shall meet and confer about the source of Beta's ownership interests and clarify what is really in dispute. They shall meet and confer about the form of a narrow declaratory judgment.

2

3. In connection with the motion at Doc. 47, each party may file a supplemental brief no longer than 1,000 words no later than January 3, 2022. Beta shall attach a proposed declaratory judgment. If the parties do not agree as to form, Blue Force may file alternative language for a declaratory judgment on January 4, 2022.

4. The Court appreciates that the parties agreed mediation should be conducted late in the discovery period. Doc. 41 ¶ 3. But based on its experience generally and with this case in particular, the Court is of the view that the parties should explore settlement earlier, now that they have a somewhat better idea of the scope of their disagreements, the risks, and the costs, in both time and money, of proceeding. If an initial mediated settlement conference is not productive, another one can be held late in the discovery period, as the parties suggest. Counsel for the plaintiff **SHALL** provide a copy of this Order to Judge Gale and counsel shall include the date of the scheduled mediation in the supplemental briefing authorized herein.

This the 9th day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

3