IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BLUE FORCE TECHNOLOGIES INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:21-CV-422 |
| BETA TECHNOLOGIES, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER

The defendant Beta Technologies, Inc. moves for partial judgment on the pleadings, or in the alternative partial summary judgment in its favor, on its breach of contract counterclaim to the extent that counterclaim is based on allegations that plaintiff Blue Force Technologies, Inc. unlawfully withheld Beta's intellectual property. Beta also asks the Court to dissolve the preliminary injunction and release the bond and to issue a declaratory judgment confirming Beta's rights to the intellectual property.

The parties agree that they entered into certain agreements and contracts, including the ALIA Phase I Contract on October 1, 2018. Doc. 1-3; Doc. 32 ¶ 20; Doc. 38 ¶ 20. It is undisputed that the ALIA Phase I Contract explicitly states, *inter alia*, that "BETA shall own and control all intellectual property generated by [Blue Force] in the performance of this contract under the 'work made for hire' doctrine. It shall likewise own all deliverables, data and results of the services rendered by [Blue Force]." Doc. 1-3 at 14. The contract also provided that Blue Force will "own and control all Airframe

manufacturing technologies and processes (Airframe Mfg IP)"[1] and "shall grant to BETA an irrevocable, transferable, perpetual, non-exclusive, royalty-free, fully-paid license to Airframe Mfg IP and required [Blue Force] Background IP in the ALIA program." *Id.*

In the pending motion, Beta seeks a declaratory judgment that the intellectual property generated and data rendered by Blue Force during the contract term belongs to Beta and that it has a right to the Airframe Mfg IP pursuant to the license created in the contract. It also seeks partial judgment on its claim that Blue Force's refusal to provide access to that information to Beta was a breach of contract.

The contract explicitly says that property and data generated by Blue Force in the performance of the ALIA Phase I Contract belongs to Beta. It also explicitly says that Beta has an irrevocable license in the Airframe Mfg IP, as defined. The contract is not ambiguous. It is undisputed that Blue Force did not give Beta access to all of the property and data upon demand.

The requested declaratory judgment would likely be appropriate but for Blue Force's allegation and claim that Beta breached the ALIA Phase I Contract in numerous ways beginning in December 2020, Doc. 32 ¶ 56; *see also id.* ¶¶ 36, 38, 44–45, 49, and for some concerns about specificity. *See* discussion *infra*. But Blue Force's allegation that Beta breached the contract in December 2020 and the Court's specificity concerns do not affect Beta's rights in property and data created after the contract was signed on

---

[1] "Airframe Mfg IP" is specifically defined in the contract as including "(i) composite infusion, molding and layup processes and techniques; (ii) metal to composite joinery; (iii) design systems and tools for manufacturing composite and/or metallic structural parts; and (iv) thermoset resin molding and processes." Doc. 1-3 at 14.

2

October 1, 2018, Doc. 1-3 at 17–18, and before its breach, if breach there was. As to that property, Beta's rights are clear and to this limited extent, a declaratory judgment is appropriate.

Otherwise, though, a declaratory judgment is not appropriate at this point. It is uncertain on the current record whether, when, and how Beta breached the contract and, if it did, whether any such breach has any legal effect on Beta's ownership and license rights to property and data developed or rendered after the breach. It is also not clear what property and data was created before and after the various alleged breaches. These issues are better evaluated on a more developed factual record.

In light of this ruling, release of at least some of the bond to Beta is likely appropriate. The parties shall confer and shall file a joint submission containing each party's contentions as to an appropriate remaining bond and directing the Court's attention to relevant evidence of record.

Possibly the Court could craft partial summary judgment in favor of Beta on its counterclaim that Blue Force breached the contract by refusing in the spring of 2021 to give Beta access to the defined property and data created before December 2020. Beta's rights are clear to the extent previously stated, and to the extent Beta requested and Blue Force did not provide access to the defined property or data created or rendered before any alleged breach by Beta, that was a breach of contract if Beta was damaged. But any such order at this point would contain many limitations and perhaps even hypotheticals; partial summary judgment on this aspect of the breach of contract claim does not seem

3

helpful or productive. Therefore, this motion will be denied without prejudice pursuant to Federal Rule of Civil Procedure 56(c).

It is **ORDERED** that the defendant's motion for partial judgment on the pleadings, Doc. 47, is **GRANTED in part** and Beta is entitled to a partial declaratory judgment to this limited extent:

1. Beta owns and controls all intellectual property generated by Blue Force in the performance of the ALIA Phase I Contract between October 1, 2018, and November 30, 2020.

2. Beta owns all deliverables, data and results of Blue Force's services rendered under the ALIA Phase I Contract between October 1, 2018, and November 30, 2020.

3. Beta holds an irrevocable, transferable, perpetual, non-exclusive, royalty-free, fully-paid license in all Airframe manufacturing technologies and processes developed by Blue Force in the performance of the ALIA Phase I Contract between October 1, 2018 and November 30, 2020.

The motion is otherwise **DENIED without prejudice** pursuant to Federal Rule of Civil Procedure 56(c).

This the 14th day of January, 2022.

_____
UNITED STATES DISTRICT JUDGE